```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
In re HAIN CELESTIAL HEAVY METALS
BABY FOOD LITIGATION,                       CONSOLIDATION ORDER
                                            No. 21-CV-0678(JS)(AYS)
----------------------------------------X
This Document Relates to

Garces et al. v. The Hain Celestial Group, Inc.   No. 21-CV-4459

----------------------------------------X
```

SEYBERT, District Judge:

**WHEREAS**, on May 13, 2021, this Court issued an Order consolidating certain cases in this District before the undersigned in In re Hain Celestial Heavy Metals Baby Food Litigation, Case No. 21-CV-0678 (the "Consolidated Action"), wherein Plaintiffs assert claims against Defendant Hain Celestial Group, Inc. ("Hain") for violations of various state consumer protection laws and statutes arising out of allegations that Hain engaged in deceptive business practices with respect to its baby food products by failing to disclose that the products contain levels of toxic heavy metals, including arsenic, lead, cadmium, and mercury. (See Consolidation Order, ECF No. 47.)[1]

**WHEREAS**, Hain has filed a motion to consolidate Garces et al. v. The Hain Celestial Group, Inc., No. 21-CV-4459 (the "Garces Action"), with the Consolidated Action on the basis that

---

[1] Unless otherwise indicated, all docket citations refer to the docket in the Consolidated Action, Case No. 21-CV-0678.

the Garces Action complaint alleges consumer protection type claims similar or related to claims asserted in the Consolidated Action. (Mot., ECF No. 133.)

**WHEREAS**, Federal Rule of Civil Procedure 42(a) provides that a court may consolidate "actions before the court" if they "involve a common question of law or fact." Courts have "'broad discretion' to determine whether to consolidate actions." Breakwater Trading LLC v. JPMorgan Chase & Co., No. 20-CV-3515, 2020 WL 5992344, at *2 (S.D.N.Y. Oct. 9, 2020) (quoting Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (2d Cir. 1990)). In determining whether to consolidate actions, courts may consider "judicial economy," which favors consolidation, but must ensure that consolidation will not jeopardize "a fair and impartial trial." Johnson, 899 F.2d at 1285.

**WHEREAS**, the Court has reviewed the complaint filed in the Garces Action and finds that it relates to the subject matter of the Consolidated Action; and entry of this Order will promote judicial economy, avoid duplicative proceedings, and streamline adjudication of related matters.

Accordingly, **IT IS HEREBY ORDERED** that Hain's motion to consolidate the Garces Action is GRANTED; and

**IT IS FURTHER ORDERD** that, pursuant to the Court's Consolidation Order, the Garces Action is hereby CONSOLIDATED with the Consolidated Action pending before the undersigned, and shall proceed under lead Case No. 21-CV-0678 as follows: In re Hain Celestial Heavy Metals Baby Food Litigation, Case No. 21-CV-0678. All future filings shall be docketed in lead Case No. 21-CV-0678.

The Clerk of the Court is respectfully directed to (1) GRANT the motion pending at ECF No. 133 in lead Case No. 21-CV-0678; (2) docket this Order in the Consolidated Action and the Garces Action (No. 21-CV-4459); and (3) administratively close and consolidate the Garces Action with the Consolidated Action.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August  17 , 2021
       Central Islip, New York